UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAKIBA MONTAÑEZ-ORTIZ,

    Defendant.

Criminal No. 13-068 (JAF)

# **MEMORANDUM ORDER**

Federal Rule of Criminal Procedure 17 governs the issuance and use of court subpoenas in criminal cases. For purposes of this Memorandum Order, we highlight two different Rule 17 subpoenas contemplated by the Rule:

1)     A Fed. R. Crim. P. 17(a) subpoena to testify at a hearing or trial in a criminal case.

2)     A Fed. R. Crim. P. 17(c)(1) subpoena to produce documents or objects.

A Rule 17(a) subpoena orders a witness to appear at a United States district court on the time, date, and place shown on the subpoena <u>to testify</u> in a criminal case or criminal hearing. A Rule 17(c)(1) subpoena may direct a witness to produce the designated material in court before trial or before it is offered in evidence. When the items arrive, the court may allow the parties or attorneys to inspect all or part of the material produced.

The use of Rule 17 subpoenas is strictly regulated to avoid misuse, and to protect third-party rights. No one, party or counsel, is allowed to loosely utilize a Rule 17(a) subpoena for any purpose other than for trial or hearings. Both Rule 17(a) and 17(c)(1) subpoenas have a specific use and purpose, and they cannot be used indistinctively. The

subpoena power is ominous, and such forceful instrument must be utilized in strict compliance with the rule.

On various occasions in the past, the court has unauthorized the improper use of Rule 17 subpoenas. See United States v. Candelario-Santana, No. 3:09-cr-00427-JAF, U.S. Dist. 2013 WL ___, Doc. 834 (D.P.R. Feb. 07, 2013); United States v. Santiago-Lugo, 904 F.Supp. 43 (D.PR 1995).

In this case, we have discovered one more instance of the improper use of a trial subpoena to obtain records and documents. Unfortunately, in this case the failure to observe the strictures of the rule falls on a regular criminal litigator, the Office of the Federal Public Defender.

On March 19, 2013, AFPD Diego Alcalá-Laboy caused the issuance of a Rule 17(a) subpoena to obtain documents from the Police of Puerto Rico in contravention of Rule 17(c)(1). See Attachment #1. The subpoena commanded a Lieutenant of the Puerto Rico Police Department to appear to testify at a hearing or trial in a criminal case, bringing documents, on March 25, 2013, Courtroom No. 7, before the undersigned. There was no trial or adversary hearing scheduled in this case for that date and time. Obviously, the improper use of the Rule 17(a)-type subpoena appears to be only negligent and not intentional, since the police officer was instructed by AFPD Alcalá-Laboy over the telephone to deliver the documents to the court.

We attach to this order a model of a subpoena duces tecum under Fed. R. Crim. P. 17(c)(1) that is readily available from the legal publications of federal forms edited by Matthew Bender & Co., Inc. See Attachment #2. If compared to AO Form 89 (trial subpoena used by the AFPD), the difference is obvious.

The Federal Defender organization must discontinue the improper use of our subpoena power. We now **ORDER** that the Federal Public Defender **immediately** take the following steps to correct this misuse that is probably a routine.

First, the Office of the Federal Public Defender shall draft a written protocol articulating the process by which Rule 17 subpoenas are to be prepared, issued, and returned. This written protocol will be accompanied by notice to all staff of the Office of the Federal Public Defender, citing the impropriety of the illegal practice employed in this case. The Office of the Federal Public Defender will supply the court with the documents they develop to comply with this sanction.

Second, as a modest sanction, the documents produced by the Puerto Rico Police under the improperly-used subpoena will be made available to the government.

Third, the Federal Public Defender will notify the Defender Services Division of the Administrative Office of the U.S. Courts and the Circuit Executive, First Circuit Court of Appeals, of the content of this disposition, in order to have supervisory authority ensure that additional misuse of Fed. R. Crim. P. 17 ceases.

Misuse of this kind strikes at the foundation of the court's integrity. We have imposed these sanctions not only as a punishment, but as a deterrence. If advocates will not protect the institution of the court, then the court must do it.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of March, 2013.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                United States District Judge